UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH MACK, JR. and ANASTASIA RIVERA,<br><br>                        Plaintiffs,<br><br>   -against-<br><br>WILLIAM SHEPARD and BOYD TRANSPORT LLC,<br><br>                     Defendants. | Civil Case No.:<br><br><br>**NOTICE OF REMOVAL** |

TO:    United States District Court
        Southern District of New York
        500 Pearl Street
        New York, NY 10007

Defendants, Franklin William Shepard, improperly sued as William Shepard, and Boyd Transport LLC (collectively, "Removing Defendants"), by and through its undersigned counsel, file this Notice of Removal pursuant to 28 U.S.C. § 1441, et seq.  Removing Defendants submit that the United States District Court for the Southern District of New York has original diversity jurisdiction over this civil action and this matter may be removed to the District Court in accordance with the procedures provided at 28 U.S.C. § 1446.  In further support of this Notice of Removal, Removing Defendants state as follows:

**STATE COURT ACTION**

1.      Plaintiffs, Joseph Mack, Jr. and Anastasia Rivera ("Plaintiffs"), initiated this action by filing a Summons and Verified Complaint in the Supreme Court of the State of New York, Bronx County, on or about August 19, 2022, under Index No. 812213/2022E. (A true and correct copy of Summons and Verified Complaint is attached hereto as **Exhibit "A"**).

2.      On August 31, 2022, Plaintiff filed an Affidavit of Service with respect to service of process on Defendant Boyd Transport LLC on August 25, 2022 and a statement of authorization for electronic filing. (A true and correct copy of the Affidavit of Service and statement of authorization for electronic filing is attached hereto as **Exhibit "B"**).

3.      On September 28, 2022, Plaintiff filed an Affidavit of Service with respect to service of process on Defendant Franklin William Shepard on September 13, 2022 and September 14, 2022 and a statement of authorization for electronic filing. (A true and correct copy of the Affidavit of Service is attached hereto as **Exhibit "C"**).

4.      Upon information and belief, the documents attached as Exhibits "A", "B", and "C" constitute all of the pleadings, process and orders which were filed in connection with the state court action.

5.      On September 22, 2022, Removing Defendants' Counsel received from Plaintiffs' Counsel via email a signed stipulation extending time for thirty (30) days for Removing Defendants to file a responsive pleading. (A true and correct copy of the email together with the stipulation extending time to file a responsive pleading is attached hereto as **Exhibit "D"**).

6.      "The [30-day] removal periods of 28 U.S.C. §§ 1446(b)(1) and (b)(3) are not triggered until the plaintiff provides facts explicitly establishing removability or alleges sufficient information for the defendant to ascertain removability." Ramirez v. Oscar De La Renta, LLC, No. 16-CV-7855 (RA), 2017 WL 2062960, at *2 (S.D.N.Y. May 12, 2017) (citing Cutrone v. Mortg. Elec. Registration Sys., Inc., 749 F.3d 137, 145 (2d Cir. 2014)); accord Moltner v. Starbucks Coffee Co., 624 F.3d 34, 37 (2d Cir. 2010) ("[T]he 30–day period did not begin to run until the defendant received the first document from which all of the facts giving rise to removability were evident.").

7.     Although a defendant must "apply a reasonable amount of intelligence in ascertaining removability," it need not "look beyond the initial pleading for facts giving rise to removability." Moltner, 624 F.3d at 37 (quoting Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 206 (2d Cir.2001)).

8.     It is well-settled that a defendant has no independent duty to investigate whether a case is removable. See, e.g., Whitaker, 261 F.3d at 206.

9.     Under these circumstances, where the plaintiffs' pleadings did not make their citizenship apparent, the 30–day clock "did not begin to run" immediately. Moltner, 624 F.3d at 37.

10.     Plaintiffs' Summons or Verified Complaint did not disclose Plaintiffs' residence and domicile and any state or other jurisdiction of which that Plaintiffs are citizens for purposes of 28 U.S.C. § 1332.  (**See** Exhibit **"A"**).

11.     Nor did Plaintiffs serve Removing Defendants with an initial pleading or any other document that specifies the citizenship of Plaintiffs or alleges sufficient information for the Removing Defendants to ascertain the citizenship of Plaintiffs. (**See** Exhibits **"A" "B" "C" and "D"**).

12.     The pleadings or documents served on Removing Defendants did not contain facts from which Removing Defendants could reasonably determine the citizenship of both Plaintiffs after applying a reasonable amount of intelligence in ascertaining removability on those documents. (**See Id.**)

13.     In light of Cutrone, 749 F.3d at 143; Moltner, 624 F.3d at 37; Whitaker, 261 F.3d at 206, Removing Defendants in the instant case have no independent duty to investigate the removability of a case or work to develop evidence of citizenship, but here Removing Defendants

did investigate and, only after commencing their own background investigation, learned earlier this week that both plaintiffs are domiciled in the state of New Jersey, and upon confirming the citizenship of plaintiffs, the defendants promptly filed this petition for removal the next day.

14.    Accordingly, the 30-day removal periods of 28 U.S.C. § 1446(b) were not triggered, and this Notice of Removal is timely filed in that it is filed before the 30-day clock begins to run under 28 U.S.C. § 1446(b).

## DIVERSITY OF CITIZENSHIP

15.    Upon information and belief, Plaintiffs, Joseph Mack, Jr. and Anastasia Rivera, were adult individuals domiciled in, and were citizens of, the State of New Jersey, residing at 400 Highland Terrace, Apt. 1C, in the City of Orange, County of Essex, State of New Jersey at the time Plaintiffs initiated this action.

16.    No information has been provided to state Plaintiffs are no longer citizens of New Jersey at the time of this Removal.

17.    "For purposes of diversity jurisdiction, an LLC has the citizenship of each of its members." Intelligen Power Sys., LLC v. dVentus Techs. LLC, 73 F. Supp. 3d 378, 381 (S.D.N.Y. 2014) (citing, inter alia, Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 51–52 (2d Cir.2000)).

18.    Upon information and belief, the only member of Removing Defendant Boyd Transport LLC is a Delaware citizen with the address of 104 Clearbrooke Blvd, Seaford, Delaware 19973.

19.    Both at the time Plaintiffs initiated this action and at the time of this Removal, the only member of Boyd Transport LLC was and is a citizen of Delaware.

20.    Upon information and belief, Defendant Boyd Transport LLC is a corporation registered in Delaware and has its principal place of business in Delaware with the address of 104 Clearbrooke Blvd, Seaford, Delaware 19973.

21.    Both at the time Plaintiffs initiated this action and at the time of this Removal, Boyd Transport LLC, upon information and belief, maintained and continue to maintain its principal place of business in Delaware.

22.    Both at the time Plaintiffs initiated this action and at the time of this Removal, Defendant, Franklin William Shepard, upon information and belief, was and is a citizen of South Carolina.

23.    Upon information and belief, Frank William Shepard is an adult individual domiciled in, and is a citizen of, the State of South Carolina, residing at 675 Widow St, Town of Scranton, County of Florence, State of South Carolina 29591.

24.    As set forth above, Plaintiffs and the Removing Defendants are citizens of different states, therefore, complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332.

## AMOUNT IN CONTROVERSY

25.    Plaintiff, Joseph Mack, Jr., alleges that he sustained severe and permanent personal injuries as a result of the accident, will be unable to pursue the usual duties with the same degree of the pre-accident efficiency, and will continue to sustain income loss and incur medical expenses into the future. (**See Exhibit "A", Paragraphs 27 of Verified Complaint**).

26.    Plaintiff, Joseph Mack, Jr., pleads that he suffered a serious injury as defined by Section 5102(d) of the Insurance Law of the State of New York. (**See Exhibit "A", Paragraph 28 of Verified Complaint**).

27.     Plaintiff, Joseph Mack, Jr., alleges that he is entitled to recover for non-economic loss and for such economic losses as are not included within the definition of "basic economic loss" as set forth in Section 5102(a) of the Insurance Law of the State of New York. (**See Exhibit "A", Paragraph 29 of Verified Complaint**).

28.     The Civil Court of New York City has monetary jurisdiction up to $50,000.00.

29.     Plaintiff, Joseph Mack, Jr., further alleges that he was "damaged in an amount exceeding the monetary jurisdiction of any and all lower courts…"  In pleading that, plaintiff has confirmed that the monetary amount of the damages sought on behalf of Joseph Mack, Jr. is in excess of $50,000.  (**See Exhibit "A", Paragraph 32 of Verified Complaint**).

30.     Plaintiff, Anastasia Rivera, alleges that she suffered serious injury as a result of the accident, was consequently incapacitated from her normal pursuits, and has been informed that she will continue to suffer damages into the future. (**See Exhibit "A", Paragraphs 36, 37, 38, and 39 of Verified Complaint**).

31.     Plaintiff, Anastasia Rivera, also alleges that she has sustained "serious injuries as defined in Subdivision d of §5102 of the Insurance Law-Recodification" and "economic loss greater than basic economic loss as to satisfy the exceptions of §5104 of the Insurance Law." (**See Exhibit "A", Paragraphs 40 and 41 of Verified Complaint**).

32.     Similarly, Plaintiff, Anastasia Rivera, alleged that she "sustained damages in an amount that exceeds the jurisdictional limits of the lower Courts." In pleading that, plaintiff has confirmed that the monetary amount of the damages sought on behalf of Anastasia Rivera is in excess of $50,000.  (**See Exhibit "A", Paragraph 44 of Verified Complaint**).

33.     Therefore, the total monetary amount of the damages sought on behalf of both Plaintiffs, allegedly caused by the Removing Defendants in this action, for which recovery is herewith sought, is in excess of $100,000.

34.     Because Plaintiffs and Removing Defendants are citizens of different states, and because the amount in controversy may exceed $75,000, the United States District Court for the Southern District of New York has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

35.     Section 1332 confers original jurisdiction over all civil matters where the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and is between citizens of different states.

36.     Removing Defendants submit that this matter may be removed to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1441, which permits removal of any civil action to the district courts that have original jurisdiction.

37.     A Notice of Filing of Notice of Removal to Federal Court, attached hereto as **Exhibit "E"**, will be filed in the Supreme Court of the State of New York, Bronx County, as soon as this Notice of Removal has been filed in this Court.

**WHEREFORE**, Defendants, William Shepard and Boyd Transport LLC, remove this civil action to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1441.

/s/ *Charles Isaacs*

**CHARLES R. ISAACS, ESQ.**
Attorney for Defendants,
Franklin William Shepard i/p/a William Shepard
and Boyd Transport LLC
**CIPRIANI & WERNER, P.C.**
485 (E) Route 1 South- Suite 120

Iselin, NJ 08830
T: (848) 229-3300
F: (848) 247-6174
cisaacs@c-wlaw.com

Date: October 20, 2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH MACK, JR. and ANASTASIA RIVERA,<br><br>               Plaintiffs,<br><br>  -against-<br><br>WILLIAM SHEPARD and BOYD TRANSPORT LLC,<br><br>              Defendants. | Civil Case No.:<br><br><br>**CERTIFICATION OF SERVICE** |

I, Charles R. Isaacs, Esq., of full age, being duly sworn, according to law and upon my oath, depose and say:

1.      I am an attorney of the law firm of Cipriani & Werner, P.C., and I am assigned to handle this action.

2.      On October 20, 2022, I filed an electronic copy of the within Defendants' Notice Of Removal, which was served via the Southern District of New York ECF and regular mail on:

Michelle Jablonski, Esq.
The Grigoropoulos Law Group PLLC
60-88 Myrtle Avenue
Ridgewood, New York 11385
*Counsel for Plaintiffs,*
*JOSEPH MACK, JR.,and ANASTASIA RIVERA*

3.      I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

/s/ *Charles Isaacs*

**CHARLES R. ISAACS, ESQ.**
Attorney for Defendants,
Franklin William Shepard i/p/a William Shepard
and Boyd Transport LLC

**CIPRIANI & WERNER, P.C.**
485 (E) Route 1 South- Suite 120
Iselin, NJ 08830
T: (848) 229-3300
F: (848) 247-6174
cisaacs@c-wlaw.com

Date: October 20, 2022