UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH MACK, JR., et al.,

        Plaintiff,

-against-

WILLIAM SHEPARD, et al.,

        Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  6/18/2024
```

22-CV-08950 (JPC) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

      This action was referred to me for settlement on April 12, 2024. (Dkt. 30.) On May 6, 2024, I issued an order scheduling a settlement conference for June 24, 2024. Scheduling Order (Dkt. 35) at 1. That order required the parties to "conduct at least one good-faith settlement discussion, in person or by telephone," and to "convey to each opposing party at least one good-faith settlement demand or offer," before submitting their confidential settlement statements to chambers. *Id.* ¶ 2. The settlement statements were due "[n]o later than one week (seven calendar days) before the conference" (*id.* ¶ 3), and were required to include "[a] brief description of settlement negotiations to date, including the date and time of the parties' last good-faith settlement discussion and the terms of each party's most recent demand or offer." *Id.* ¶ 3(c). At the same time, each party was required to submit an Acknowledgement Form confirming that its lead trial counsel would attend the settlement conference, accompanied by the client (if an individual) or by a client representative who is "a decision-maker with knowledge of the case and responsibility for determining the amount of any ultimate settlement; that is, a person who decides what settlement authority to give to counsel, not a person who has received, or must seek, authority from someone else within the organization." *Id.* ¶¶ 1(a), 4.

      These requirements are designed to ensure that the settlement conference is as productive as possible, particularly since "[t]he Court normally holds only one settlement conference per case." *Id.* ¶ 2.

As of June 17, 2024, neither party had submitted the required settlement letter in advance of the June 24, 2024 conference, requiring chambers to contact counsel by telephone to remind them of that obligation. As of the close of business on June 18, 2024, the parties' letters are still outstanding.

The Court cannot keep its calendar open for the settlement conference in this case indefinitely, nor does the Court wish to waste the parties' time if, for whatever reason, they are not yet in a position to make good use of the opportunity. Consequently, the parties are hereby advised that if they wish to participate in a judicially-supervised settlement conference on June 24, 2024, they must submit their confidential settlement letters and Acknowledgment Forms via email by **5:00 p.m.** on **Thursday, June 20, 2024**. The letters must include the requirements enumerated in the Court's Scheduling Order, including confirmation that the parties have met "in person or by telephone" to exchange "at least one good-faith settlement demand or offer" and a description of the substance of the most recent demand and offer.

If the parties cannot meet this deadline, the Court will adjourn the settlement conference.

Dated: New York, New York  
       June 18, 2024

**SO ORDERED.**

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**